**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CDI CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-3487 |
| | § | |
| GT SOLAR INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This case arises from a March 31, 2008 Teaming Agreement executed by CDI Corporation, an engineering consulting firm, and GT Solar, a company that sells equipment and technology used to make the critical chemical component for solar panels and related products.  The Agreement, which CDI refers to in its second amended complaint, called for CDI and GT Solar to pursue business "jointly in the TCS [trichlorosilane] and polysilicon market." (Docket Entry No. 1, Ex. A at 1).  The Agreement included an exclusivity provision, under which CDI would "exclusively work with GT Solar . . . [to] produce TCS BEP [Basic Engineering Packages] solely for GT Solar's clients," and GT Solar "would exclusively work with CDI" and would "provide TCS technology to any client except for projects in which CDI is used exclusively to produce GT Solar TCS BEP." (*Id.* at 2).  In this suit, CDI alleges that GT Solar breached the exclusivity clause by soliciting and receiving work on projects providing TCS technology to clients without using CDI to provide the TCS BEP.  CDI alleges that on one project, GT Solar solicited bids from other engineering firms for work within the scope of work identified for CDI on the project.  CDI alleges that in February 2011,

when confronted, GT Solar denied that it had any contractual or other obligation to CDI. (Docket Entry No. 22, ¶¶ 14–16).

In addition to its breach of contract claim, CDI asserted claims for fraud, fraud by nondisclosure, and negligent misrepresentation. GT Solar moved to dismiss these claims under Rule 12(b)(6) because the second amended complaint allegations did not meet the heightened pleading requirements of Rule 9(b). (Docket Entry No. 23). CDI responded, (Docket Entry No. 25), and this court held a hearing at which counsel presented argument. Based on the pleadings, the arguments, and the governing law, this court denies the motion to dismiss, but directs that CDI amend to clarify that it is relying on the exclusivity provision within the Teaming Agreement as the basis of its fraud, fraud by nondisclosure, and negligent misrepresentation claims.

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007). The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). For fraud claims, Rule 9(b) requires the complaint to "state with particularity the circumstances constituting the fraud." FED. R. CIV. P. 9(b). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003); *Shandong Yinguang Chemical Industries Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010); *see also Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006) ("In cases concerning fraudulent misrepresentation and omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared,

and the way in which the omitted facts made the representations misleading.") (citing *United States ex rel. Riley v. St. Luke's Episcopal Hospital*, 355 F.3d 370, 381 (5th Cir. 2004) (citing 2 JAMES W. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 9.03[1][b] at 9–18 through 9–19 (3d ed. 2003))).

Under Texas law, fraud requires "a material representation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury." *Formosa Plastics Corp. USA v. Presidio Engineers and Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998). A promise to do something in the future constitutes fraud only if the promise is made with no intention of performing it. *Id.* at 48. A "mere failure to perform a contract is not evidence of fraud." *Id.* The party alleging fraud must present evidence relevant to the other party's intent when the representation was made.

Actionable fraud based on nondisclosure requires a showing of a duty to disclose. *See Hoggett v. Brown*, 971 S.W.2d 472, 487 (Tex. App.—Houston [14th Dist.] 1997, pet. denied). The elements of a claim for fraud by nondisclosure are that: (1) a party conceals or fails to disclose a material fact within the knowledge of that party; (2) the party knows the other party is ignorant of the fact and does not have an equal opportunity to discover the truth; (3) the party intends to induce the other party to take some action by concealing or failing to disclose the fact; and (4) the other party suffers injury as a result of acting without knowledge of the undisclosed fact. *Bradford v. Vento*, 48 S.W.3d 749, 754 (Tex. 2001).

"The elements of a cause of action for [negligent misrepresentation] are: (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in

their business, (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information, and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation." *Fed. Land Bank Ass'n v. Sloane,* 825 S.W.2d 439, 442 (Tex. 1991); *see also LHC Nashua Partnership, Ltd. v. PDNED Sagamore Nashua, L.L.C.*, 659 F.3d 450, 458 (5th Cir. 2011).

In alleging fraud, CDI claimed that "GT Solar made a promise to CDI — that it would use CDI exclusively to provide the TCS BEP for every project in which it provided TCS technology to clients for the period of the Teaming Agreement — with no intent of performing.  GT Solar knew that the promise was false when it was made, and/or made it recklessly, as a positive assertion, and without knowledge of its truth."  (Docket Entry No. 22, ¶ 22).  The promise identified, and the only promise identified, is the exclusivity provision in the Teaming Agreement.  In its response to the motion to dismiss and in court, CDI confirmed that the representation underlying the fraud claim was the promise of exclusivity in the Teaming Agreement.  The motion to dismiss the fraud claim is denied.

The fraud by nondisclosure claim is similarly based on the original promise in the Teaming Agreement that it would use CDI exclusively to produce GT's TSC BEPs for projects involving GT Solar's sales of its TCS technology. (Docket Entry No. 25 at 8).  In the second amended complaint, CDI alleged that GT Solar's duty to disclose arose from the Teaming Agreement's exclusivity provision and CDI's reliance on it in its dealings with GT Solar.  In its response to the motion to dismiss, and in court, CDI confirmed that the basis of this fraud claim was the alleged exclusivity promise in the Teaming Agreement and its subsequent disavowal in solicitations made to other

clients for work CDI asserts was covered by the exclusivity provision. The motion to dismiss is denied.

To the extent negligent misrepresentation claims are also subject to Rule 9(b), it is satisfied in this case. CDI alleges that the negligent misrepresentations included, but were not limited to, the exclusivity clause in the Teaming Agreement, and that GT Solar knew or had reason to know that it would not use CDI as its exclusive provider of TCS BEP. In the response, CDI clarified that it was relying on the promise of exclusivity made in the Teaming Agreement. The motion to dismiss is denied.

Given CDI's post-pleading clarification that it is relying on the exclusivity provision in the Teaming Agreement, it is directed to make this clarification in the complaint as well. CDI is directed to file an amended complaint, no later than March 21, 2013, to clarify the basis for the fraud and misrepresentation claims.

SIGNED on March 7, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge