IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CDI CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-3487 |
| | § | |
| GT SOLAR INC., *et al.*, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This case arises from a March 31, 2008 Teaming Agreement executed by CDI Corporation, an engineering-consulting firm, and GT Solar, a company that sells equipment and technology used to make a chemical component critical for solar panels and related products. This court previously ordered CDI to file a motion for partial summary judgment on the Teaming Agreement's exclusivity provision and whether the Agreement was modified. (Docket Entry No. 30). CDI has retained Kevin Drumm as an expert to testify about the meaning and industry understanding of technical terms used in the Teaming Agreement. Drumm's report was provided to GT Solar in March 2003. Drumm is the president of Dynamic Engineering, Inc. Dynamic Engineering competes with GT Solar in producing and marketing trichlorosilane (TCS) process technology. (Docket Entry No. 36, Ex. C). GT Solar has moved to disqualify Drumm as an expert witness for CDI and to amend the parties' agreed protective order to prevent disclosure of confidential technical and commercial information to competitors, including any retained as experts. (Docket Entry No. 36).

"Federal courts have the inherent power to disqualify experts, although cases that grant disqualification are rare." *Koch Refining Co. v. Jennifer L. Boudreau M/V*, 85 F.3d 1178, 1181 (5th

Cir. 1996) (citations omitted).  Federal Rule of Civil Procedure 26(c) also permits a court "for good cause" to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." FED. R. CIV. P. 26(c)(1) and (G).

There is little Fifth Circuit case law addressing the issues raised here.  Courts in other jurisdictions have held that in resolving a dispute over the disclosure of confidential information to consulting or testifying experts, courts "balance the movant's interest in selecting the consultant most beneficial to the case, considering the specific expertise of this consultant and whether other consultants possess similar expertise, against the disclosing party's interest in protecting confidential commercial information from disclosure to competitors." *BASF Corp. v. United States*, 321 F. Supp. 2d 1373, 1378 (C.I.T. 2004).  Cases applying this fact-specific balancing test include *Electric Ins. Co. v. Electrolux North America, Inc.*, 2011 W L 830202, at *3–4 (D.N.J. March 5, 2011); *Nellson Northern Operating, Inc. v. Elan Nutrition, LLC*, 238 F.R.D. 544, 546 (D. Vt. 2006); and *U.S. Gypsum Co. v. Lafarge North America, Inc.*, 2004 WL 816770, at *1 (N.D. Ill. Mar. 2, 2004).

A party seeking to prevent the disclosure of confidential information to an expert who also competes with the opposing party "cannot rely solely upon conclusory statements, but must present evidence of specific damage likely to result . . . ." *BASF*, 321 F. Supp. 2d at 1379 (internal quotations omitted); *see also U.S. Gypsum*, 2004 WL 816770, at *1 ("The burden is on USG to show the type of confidential information that will need to be disclosed to Lafarge's expert, that this information will be useful to USG's competitors, and that Lafarge's expert is in a position that could allow the information to be used by competitors.").  When a party seeks to exclude another party's

expert, the burden is on the nonmoving party to show that there are "not other experts available or that those who are available will be less useful than" the one already selected. *U.S. Gypsum*, 2004 WL 816770, at *1.

GT Solar argues that Drumm's access to confidential documents containing trade secrets about GT Solar's TCS-via-hydrochlorination technology has already caused prejudice and will lead to further prejudice if Drumm is allowed to serve as CDI's expert. GT Solar contends that because Drumm's job responsibilities for Dynamic Engineering include business development, sales, and technology development, he would not be able to create a wall between his knowledge of GT Solar's confidential information and his management duties at Dynamic Engineering. The appropriate relief, according to GT Solar, is to exclude Drumm from serving as an expert in this case.

CDI acknowledges that it has provided Drumm with documents that GT Solar produced and marked "Confidential—Attorney's eyes only." But CDI points out that the parties' protective order permits it to share confidential documents with its experts. CDI also contends that Dynamic Engineering, Drumm's firm, has no use for GT Solar's confidential information because it previously developed its own TCS technology and currently has a licensing agreement to market another company's TCS technology. CDI points out that the confidential documents at issue are now five years old and describe outdated technology, are insufficiently detailed to be valuable to a competitor, and primarily involve technology and processes that are patented or otherwise described in publicly available sources.

This court finds, based on the briefing and attached exhibits, including the affidavits submitted by both parties and excerpts of Drumm's deposition, that GT Solar has shown an insufficient risk that it will be unfairly prejudiced by having Drumm serve as an expert witness for

CDI on interpreting the exclusivity provision in the Teaming Agreement. The documents CDI provided to Drumm describe "design studies and engineering choices" relating to several aspects of GT Solar's TCS technologies. (Docket Entry No. 54, Ex. B, ¶ 4). But, as CDI points out, much of the information is dated, available from other sources, or described with little detail. GT Solar's general interest in protecting those aspects of its technology that have not been publicly disclosed is an insufficient basis to exclude Drumm's expert testimony, particularly given the small number of individuals who have the necessary expertise, many of whom work for competitors, and given the deadlines in this case.

In opposing GT Solar's motion, CDI agreed not to provide additional confidential documents to Drumm unless it first gives GT Solar notice and an opportunity to object. This will prevent CDI from disclosing additional confidential information without GT Solar's notice and, if needed, court review.

GT Solar's motion to disqualify Drumm, (Docket Entry No. 36), is denied.

SIGNED on April 22, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge